UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMECO A. CARGILL, | ) | CASE NO. 4:23-cv-01755 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| WARDEN HEALY., | ) | OPINION |
| | ) | |
| Respondent. | ) | |

Pending before the court is Petitioner Tammeco Cargill's ("Petitioner") Motion for Emergency Injunction. (ECF No. #5). For the following reasons, the Motion is **DENIED**.

## I. Background

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the Bureau of Prison's ("BOP") determination of his eligibility for good time credit. (ECF No. 1, PageID #2). Petitioner also challenges the status of his immigration detainer and alleges falsification of documents by BOP staff. (*Id.*). Petitioner filed the instant motion, alleging that he is being targeted and retaliated against due to his habeas petition. (ECF No. 5, PageID #32). Specifically, he asserts that BOP staff search his cell more often than reasonable and leave it in an unreasonable condition. (*Id*. at PageID #32-23). Petitioner further argues that BOP staff have confiscated legal materials, including exhibits that he claims were evidence detailing falsification of records in this action. (*Id*. at PageID #32).

## II. Law and Analysis

Petitioner's motion fails because it does not have a strong likelihood of success on the merits and his retaliation claim is unrelated to the underlying claims asserted in his Petition.

1

### A. Likelihood of Success on the Merits

Petitioner cannot demonstrate the first factor for a preliminary injunction – a strong likelihood of success on the merits.[1] *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)). Petitioner seeks emergency injunctive relief asking this Court to enjoin unnamed individuals from taking retaliatory action against him. (ECF No. 5, PageID #31-33). Petitioner's retaliation "claim" could not be properly raised in a § 2241 proceeding; a retaliation claim, even if properly exhausted and alleged, must be brought under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), not in a § 2241 habeas petition. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 Fed. Appx. 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").

### B. Retaliation Claim

Petitioner's retaliation "claim" is unrelated to the claims raised in the Petition. *See Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (S.D. Ohio May 31, 2019) ('The Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims."). Specifically, requests to enjoin cell searches on a preliminary basis are generally denied. *See, e.g. Robinson v. Adams*, 2011 U.S. Dist. LEXIS 88427, *5 (E.D. Cal. Aug. 9, 2011) ("the relief sought is not related to the underlying claims in this action and would not

---

[1] "A district court must consider four factors in determining whether to issue a preliminary injunction: (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *McPherson,* 119 F.3d at 459 (quoting *Sandison,* 64 F.3d at 1030.).

remedy the violation of the Federal right at issue here"); *White v. Johansson*, 2014 U.S. Dist. LEXIS 176908, *3 (W.D. Wash. Dec. 1, 2014) ("the issues and relief sought in Mr. White's motion are completely unrelated to the claims raised in this lawsuit"); *Johnson v. Nash*, 2011 U.S. Dist. LEXIS 152580, *12, 2011 WL 3555861 (D. Nev. Sep. 1, 2011) ("the underlying action includes religious rights claims; however, they are also unrelated to plaintiff's current assertion that his cell was searched and his property destroyed in retaliation for his religion").

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Petitioner's Motion (ECF No. #5).

**IT IS SO ORDERED.**

Date: October 30, 2023

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**