**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TAMMECO A. CARGILL, | ) CASE NO. 4:23-CV-01755-CEF |
| Plaintiff, | ) JUDGE CHARLES ESQUE FLEMING |
| v. | ) |
| WARDEN HEALY, FCI ELKTON; | ) MAGISTRATE JUDGE <br> ) CARMEN E. HENDERSON |
| Defendant, | ) **REPORT & RECOMMENDATION** |

I. **Background**

Petitioner Tammeco A. Cargill filed a 28 U.S.C. § 2241 petition challenging the Bureau of Prison's (BOP) determination of his eligibility to good conduct time credit under the First Step Act of 2018 ("FSA"). He also challenges the status of his immigration detainer and alleges falsification of documents by BOP staff. Respondent Warden Healy moved to dismiss the petition asserting that Cargill failed to exhaust his administrative remedies and, alternatively, that he is not eligible for FSA credits because there is a valid final order of removal against him. (ECF Nos. 8 and 11). Cargill argues that exhaustion of his administrative remedies would be futile, and that the removal order has, essentially, expired. (ECF No. 9).

For the foregoing reasons, this Court recommends that Defendant's motion to dismiss be GRANTED and the petition be dismissed.

II. **Law and Analysis**

A claim concerning the computation of FSA credits can be addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle ... for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). Under 28 U.S.C. § 2241, prisoners must exhaust their administrative

1

remedies before filing a petition for a writ of habeas corpus. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Failure to exhaust administrative remedies is grounds for dismissal of the petition. *Leslie v. United States,* 89 F. App'x 960, 962 (6th Cir. 2004).

The BOP maintains an administrative remedy program through which inmates may seek formal review of issues relating to any aspect of their confinement. *See* 28 C.F.R. § 542.10(a), et seq. If an inmate wants to exhaust an appeal under the Administrative Remedy Procedure, the inmate must first present the issue informally to prison staff. 28 C.F.R. § 542.13(a). If the inmate is not satisfied with the informal resolution, he or she can submit a formal Administrative Remedy Request to the Warden of the institution where he or she is confined and may further appeal any adverse decision to the BOP's Regional Director followed by the BOP's Central Office. 28 C.F.R. § 542.14-15. An administrative appeal is not fully exhausted until the BOP's Central Office reaches a decision on the merits. 28 C.F.R. § 542.15(a). "Exhaustion serves the laudable goals of (1) protecting 'administrative agency authority,' by ensuring that an agency has an opportunity to review and revise its actions before litigation is commenced, preserving both judicial resources and administrative autonomy; and (2) promoting efficiency because '[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Bronson v. Carvaljal*, No. 4:20-CV-914, 2020 WL 2104542, at *2 (N.D. Ohio May 1, 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (citing *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992))).

Cargill acknowledges that he did not exhaust administrative remedies through the BOP before filing this action. (ECF No. 9 at 3-4). Accordingly, Cargill's petition should be dismissed unless Cargill can demonstrate why the exhaustion requirement should be waived. Cargill argues

2

that the Court should overlook his failure to exhaust his administrative remedies because he had a "legitimate fear of retaliation" (ECF No. 1 at Page ID # 11) and pursuing the administrative remedies would have been futile (ECF No. 9 at 4).

The Sixth Circuit has explained that exhaustion is not excused by an inmate's general allegation that he feared retaliation from prison staff about whose conduct he complains. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997-98 (6th Cir. 2004). "[A] prisoner who contends that he failed to exhaust out of fear should also have to 'describe with specificity' the factual basis for his fear." *Id*. Here, Cargill only generally asserts that he feared retaliation from prison staff. (*See* ECF No. 1 at PageID #: 11; ECF No. 9 at 4). Although he states several times that he feared retaliation, he fails to provide any particulars or describe with sufficient specificity the basis for his fear. Accordingly, Cargill does not demonstrate why his fear of retaliation should excuse his failure to pursue the proper administrative remedies.

A prisoner's failure to exhaust available administrative remedies may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Here, Cargill first argues that administrative remedies cannot afford him the relief he seeks because the lengthy process would cause "irreparable harm" because there is not enough time to follow the administrative process as he is entitled to immediate release. (ECF No. 9 at 4, 6). However, Cargill himself is responsible for the delay in the process. Cargill made no efforts to comply with the BOP's administrative process and, instead, filed in federal court. Cargill states that he made an informal complaint on a BP-8 form but that he received no reply.[1] When an inmate is unhappy with the informal

---

[1] In Cargill's opposition to the motion to dismiss, he states that he submitted a BP-8 form to Counselor Beytos on September 23, 2023. However, Cargill's petition was docketed on

3

resolution – or lack of a resolution – the regulations direct the inmate to submit a formal written Administrative Remedy Request on a BP-9 form within 20 calendar days. 28 C.F.R. §542.14(a); *see* FCI Elkton Inmate Handbook at 59. "[E]ven assuming [that petitioner] did not receive a timely response to any informal complaint or that the prison's response was deficient, that merely meant that [petitioner] could proceed" to the next step. *Lamb v. Kendrick*, 52 F.4th 286, 294 (6th Cir. 2022)). It is undisputed that Cargill did not do this.

Cargill argues that he did not take the next step in the process because he assumed his informal grievance had been denied and that the BOP would rule against him in his request. (ECF No. 9 at 3, 5-6). Although Cargill may not believe he will receive the result he desires, he must pursue his remedies with the BOP up the chain of administrative review. *See Hunter v. Bowers*, No. 223CV02188JPMTMP, 2023 WL 8530584, at *3 (W.D. Tenn. Dec. 8, 2023) (citing *Mejia v. Healy*, No. 4:23 CV 1468, 2023 WL 6539835, at *2 (N.D. Ohio Sept. 25, 2023)). The Court does not find that it was futile for Cargill to exhaust his administrative remedies. *See Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 1808363, at *2 (E.D. Mich. Apr. 21, 2015) (noting a split of authority about whether it would be futile to require a habeas petitioner to exhaust administrative remedies with respect to a claim that he or she was wrongly denied a sentence reduction); *see DeLeo v. Paul*, No. CV 5:23-241-KKC, 2023 WL 5945868, at *2 (E.D. Ky. Aug. 22, 2023) (courts have rejected the futility argument based on the notion that already-passed or impending release is sufficient to deem exhaustion futile). Had Cargill "promptly and diligently pursued his administrative remedies," this case may have been ripe – and still may be ripe – for consideration by the Court before his release. *See Hunter*, 2023 WL 8530584, at *3. A

---

September 8, 2023. (*See* ECF No. 1). Regardless whether Cargill submitted the BP-8 form before or after he filed the instant litigation, there is no indication that Cargill submitted a formal written request for administrative remedy on a BP-9.

4

prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999); *Ryan v. G. Robert Cotton Corr. Facility*, No. 22-1808, 2023 WL 6059802, at *3 (6th Cir. May 15, 2023) (Petitioner's ability to appeal meant that the grievance "process was available to [petitioner] notwithstanding any alleged failure by prison officials to respond to his grievances at Step I.").

Finally, Cargill argues that the Court should overlook his failure to exhaust his administrative remedies because the prison staff prevented him from being able to follow the required process. Indeed, '[t]he exhaustion requirement does not apply when remedies are not available to a prisoner." *Young v. Mulvaine*, No. 22-3733, 2023 WL 5665755, at *4 (6th Cir. June 23, 2023) (citing *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). "[A]dministrative remedies are not 'available' if prison employees refuse to provide inmates with necessary grievance forms when requested." *Lamb v. Kendrick*, 52 F.4th 286, 297 (6th Cir. 2022) (citing *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003); *Miller v. Norris*, 247 F.3d 736, 738, 740 (8th Cir. 2001)). The Sixth Circuit requires, however, that the prisoner to make some affirmative effort to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 223 (6th Cir. 2011) (citations omitted).

Accordingly, this Court must examine whether Cargill's efforts to comply with the administrative remedy process "were sufficient under the circumstances and, if so, whether prison officials made the process unavailable to him by preventing him from filing" a formal grievance on a BP-9. *Lamb*, 52 F.4th at 297. As mentioned above, Cargill failed to properly exhaust his administrative remedies by failing to submit a BP-9 grievance. He nonetheless argues

5

that he should be excused from the exhaustion requirement because prison officials allegedly thwarted his attempts to file a notification of grievance by repeatedly refusing to provide him necessary grievance forms.

"In order to rely on the excuse of unavailability of the grievance process, a prisoner must first demonstrate that affirmative action was taken to comply with the prison's grievance process." *Johnson v. Barney*, No. 1:21-CV-141, 2023 WL 2241165, at *4 (S.D. Ohio Feb. 27, 2023) (citing *Lamb,* 52 F.4th at 293 (citing *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015))). Cargill fails to show that he made an affirmative effort to exhaust administrative remedies.

Cargill alleges that Counselor Beytos refused to give him a BP-8 form and that he obtained the form "through other channels[.]" (ECF No. 9 at 3). Cargill then alleges that Counselor Beytos "never input the BP8 into the system." (*Id*.). Regardless of whether Cargill received a response to his informal grievance, he was required to take the next step in the administrative process and submit a formal grievance on a BP-9 form. It is undisputed that Cargill did not submit a BP-9 form. Cargill does not address his failure to submit a BP-9 form; he does not explain what steps, if any, that he took to obtain a BP-9 form.[2] Instead, it appears that Cargill simply abandoned the process after his initial informal grievance was not remedied. This is not sufficient to demonstrate that he made an "affirmative effort" to follow the administrative remedy process. *See, e.g., Otero v. Dove*, 23 F.3d 407 (table), 1994 WL 175771 (6th Cir. May 9, 1994) (affirming summary dismissal of § 2241 petition where federal prisoner did not attempt to exhaust administrative remedies). Moreover, there is no evidence that the facility prevented him from obtaining – let alone submitting – a BP-9 form.

---

[2] Cargill's affidavit also alleges that he attempted to obtain "the form" from a staff member but fails to identify the staff member(s) or specify the form he alleges he was attempting to obtain. The affidavit does not address Cargill's efforts to file a BP-9 form.

Consequently, Cargill's petition should be dismissed for failing to exhaust his administrative remedies.

In the alternative, Petitioner requests that the Court hold this case in abeyance while he attempts to exhaust his administrative remedies. However, Cargill admits that he attempted to informally resolve the dispute on September 23, 2023. Since Cargill was required to follow his informal request with a formal request for an administrative remedy through a BP-9 within twenty days, the time for exhausting his dispute raised on September 23, 2023, has clearly expired. Accordingly, the Court recommends denying Cargill's request to hold the matter in abeyance. Nonetheless, Cargill may, if he chooses, begin the process anew to allow the BOP an opportunity to review his claim.

As Cargill failed to exhaust his administrative remedies prior to filing the § 2241 petition, any discussion on the Cargill's asserted grounds for relief "would be premature." *See Campbell v. Barron*, 87 F. App'x 577 (6th Cir. 2004).

### III. Recommendation

Based on the above, it is RECOMMENDED that the Court GRANT Respondent's motion (ECF No. 8) and dismiss Petitioner Cargill's § 2241 petition.

Dated: March 1, 2024

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).